**LAW OFFICE OF CYNTHIA V. ECUBE, ESQ.**
*A Professional Corporation*
207 Martyr Street, Suite 3
Hagåtña, Guam 96910
Telephone No: (671) 472-8889
Telecopier No: (671) 472-8890
Email Address: info@ecubelaw.com

*Attorney for Defendant*
**GERALD SALAS**

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. **15-00022** |
|---|---|---|
| vs. | ) | |
| | ) | **DEFENDANT GERALD SALAS'** |
| | ) | **SENTENCING MEMORANDUM** |
| GERALD SALAS, | ) | |
| *Defendant.* | ) | |
| _____ | ) | |

**COMES NOW**, Defendant **GERALD SALAS**, through his court appointed attorney of record, the Law Office of Cynthia V. Ecube, Esq., A Professional Corporation, by Cynthia V. Ecube, Esq., and hereby submits his Sentencing Memorandum and requests that the Court consider the following mitigating factors warranting a downward departure from the advisory guidelines:

1. **Government's Recommendation For Downward Departure Under 18 USC §3553(e) and USSG §5K1.1.**

The Government intends to argue that Defendant should receive a 2 level departure from the U.S. Probation's proposed calculation of a total offense level of 13, further reducing the offense level from level 13 to a level 11 pursuant to 18 USC §3553(e) and USSG §5K1.1. The Government makes this recommendation based on the fact that Defendant cooperated and rendered substantial assistance as provided under the Plea Agreement. Although Defendant concurs with the Government's recommendation to depart from the guidelines, Defendant objects to the Government's proposal of a 2 level departure since the 2 level departure does not adequately reflect the extent of Defendant's

full cooperation and substantial assistance rendered to the Government. The extent of Defendant's cooperation and substantial assistance will be made known to the Court at the time of sentencing. Based on his cooperation and substantial assistance, Defendant submits that a 4 level departure is thus warranted.

### 2. Additional Departure Of 2 Level Reduction Based On Defendant's Family Ties And Responsibilities.

Defendant argues that an important factor for the Court to consider as a mitigating condition is Defendant's family ties and responsibilities. The Commentary provision under §5H1.6 provides in relevant part:

"1. Circumstances to consider. -

(A) <u>In General</u>. - In determining whether a departure is warranted under this policy statement, the court shall consider the following non-exhaustive list of circumstances:

   (i) The seriousness of the offense.

   (ii) The involvement in the offense, if any, of the members of the defendant's family.

   (iii) The danger, if any, to members of the defendant's family as a result of the offense.

(B) <u>Departures Based on Loss of Caretaking or Financial Support</u>. - A departure under this policy statement based on the loss of caretaking or ***financial support of the defendant's family requires*** (Emphasis Added), in addition to the court's consideration of the non-exhaustive list of circumstances in subdivision (A), the presence of the following circumstances:

   (i) ***The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct***, and specific loss of essential caretaking, or ***essential financial support, to the defendant's family*** (Emphasis added).

   (ii) The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant. For example, the fact that the defendant's family might incur some degree of financial hardship or suffer to some extent from the absence of a parent through incarceration is not in itself sufficient as a basis for a departure because such hardship or suffering is of a sort ordinarily incident to incarceration.

   (iii) The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.

   (iv) The departure effectively will address the loss of caretaking or financial support."

For example, in United States v. Husein, 478 F.3d 318 (6th Cir. 2007), the defendant was convicted of participating in drug transactions. The appellate court affirmed the district court's order departing from the guidelines. As the court noted, the guideline range which was calculated to be between 36 to 47 months (Level 21), a sentence of one day imprisonment and 270 days home confinement was warranted because of extraordinary family circumstances of the defendant. In Husein, the defendant lived with and supported her family, cared for her seriously ill father and was irreplaceable, and because "Jailing [the defendant] not only would have forced her mother to remain at home, but would have put the entire family on welfare." Similarly, in United States v. Owens, 145 F.3d 923, 926 (7th Cir. 1998) (The Court affirmed a downward departure where the defendant supported his family financially and was close to his family. The family would therefore have been forced into public housing and/or welfare if he were incarcerated).

Equally important, the Court has affirmed departures under the guidelines based on the relationship between a parent/defendant and child. See, United States v. Pauley, 511 F.3d 468 (4th Cir. 2007) (where client pled to possession of child porn. and guidelines reflected 78-97 months, court's downward variance to 42 months affirmed in part because defendant "is a good parent" which is a "valid consideration under § 3553(a)").

In the instant case, the Presentence Investigation Report (ECF 164) ("PSI") states that Defendant has a 15 year old daughter from a previous relationship with Catherine Mesa. Defendant has maintained a good relationship with both Ms. Mesa and his daughter. See, ¶50 of the PSI. Since birth, Defendant reports that he has always provided child support for his daughter, and continues to provide child support for her. See, ¶¶ 52 and 62 of the PSI. He is currently providing monthly support of $455.58. See, ¶66 of the PSI. Furthermore, Defendant engages in weekly visitation with his daughter (see, ¶52 of the PSI) and reports that his daughter suffers from leukemia. Defendant maintains that he has been a good and loving parent to his daughter. Because of Defendant's legal duty and responsibility to support his daughter and her medical needs, Defendant submits that any incarceration may deprive his daughter from the financial support and resources necessary for her care and medical attention. Since having resigned from his position at the Department of Revenue & Taxation as a result of the pending criminal action, Defendant submits that the that the possibility

of incarceration will have a significant impact in providing the financial resources to provide monthly child support for the care and medical attention of his only daughter.

### 3. **Unwarranted Sentencing Disparities.**

Defendant argues that in order to avoid unwarranted sentencing disparities, the Court should consider imposing a sentence in parity to those other defendants who received probation sentences without imprisonment involving theft and fraud cases. In this instance, Defendant argues that the Court should depart down to a level 8, thus, allowing Defendant to qualify for a range of 0 to 6 months, with the court imposing a minium term to include probation.

Finally, Defendant submits that the Court should not impose a fine since Defendant has ongoing legal obligations, to include the support and maintenance of his daughter, and therefore requests that all fines be waived.

Based on the foregoing reasons, Defendant submits that the Court should grant a departure from the advisory guidelines from a level 13 to a level 8 (comprising of a range of 0-6 months), and further requests that the Court impose the minimum term of probation in accordance with the government's recommendations pursuant to the Plea Agreement. Defendant further reserves his right to raise any other supplemental arguments in furtherance and in support of his position set forth in the Sentencing Memorandum.

Respectfully submitted this 19th of February, 2016.

**LAW OFFICE OF CYNTHIA V. ECUBE, ESQ.**
*A Professional Corporation*

By: /s/ Cynthia V. Ecube
_____
**CYNTHIA V. ECUBE, ESQ**.
*Attorney for Defendant*